UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY FAISON,

        Petitioner,

Case No. 13-cv-10019

HONORABLE VICTORIA A. ROBERTS

v.

DEBRA SCUTT,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION
AND DENYING A CERTIFICATE OF APPEALABILITY**

Stanley Faison ("petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, seeks a writ of a habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for second degree murder and assault with intent to do great bodily harm, for which he was sentenced as a habitual offender, fourth offense. This matter comes before the Court on preliminary review of the habeas petition. See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons stated, the petition for writ of habeas corpus is SUMMARILY DISMISSED.

I.  BACKGROUND

        The Michigan Court of Appeals opinion sets forth the procedural history:

        In May 1989, a jury convicted Faison of second-degree murder and assault with intent to do great bodily harm less than murder. In June 1989, the trial court sentenced him to prison terms of 40 to 80 years for the murder conviction and 80 months to 10 years' imprisonment for the assault conviction, but then immediately vacated those sentences and sentenced Faison to 50 to 100 years' imprisonment as a fourth habitual offender.FN3 In an earlier appeal, this Court determined that the enhanced sentence was improper and remanded the case for resentencing.FN4 On remand, the trial court resentenced Faison to life in prison. A February 1991 judgment of sentence indicated that Faison had pleaded guilty to being a fourth habitual offender and was sentenced to life in prison.

The judgment of sentence was amended several times between 1993 and 2009. All of the amended judgments erroneously indicated that Faison had pleaded guilty to second-degree murder and assault with intent to do great bodily harm less than murder, and that he had been sentenced to prison terms of 50 to 100 years for each conviction. An October 2009 amended judgment indicated that Faison had pleaded guilty to the charges and was sentenced as a fourth habitual offender on February 14, 1991, to concurrent prison terms of 50 to 100 years for each conviction. Under the "Court recommendation" section in the amended judgment, the trial court added "Amended jail credit, sentence date & date sentence begins 09–11–09." The Department of Corrections sought clarification as the recommendation indicated that Faison's sentence began on September 11, 2009, which conflicted with the stated sentencing date of February 14, 1991. Faison was present when the trial court held a hearing in May 2010. The parties agreed that the trial court simply needed to correct the recommendation to show that Faison's sentence began on February 14, 1991. The court entered another amended judgment indicating that Faison had pleaded guilty to the murder and assault offenses and had been sentenced as a fourth habitual offender on February 14, 1991, to concurrent prison terms of 50 to 100 years for each conviction.

> FN3. MCL 769.10.
>
> FN4. *People v. Faison*, unpublished opinion per curiam of the Court of Appeals, issued November 7, 1990 (Docket No. 120520), citing *People v. Moore*, 432 Mich. 311; 439 NW2d 684 (1989); *People v. Milbourn*, 435 Mich. 630, 636; 461 NW2d 1 (1990).

*People v. Faison,* No. 298581, 2011 WL 2859880, *1 (Mich. App. July 19, 2011). The Court of Appeals again remanded to the trial court to correct the judgment of sentence to reflect that petitioner was sentenced to life imprisonment rather that a term of years. *Id.* Petitioner notes that the trial court has not yet corrected the sentence as of the date he filed his federal petition.

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

I am being held in violation of my Fourteenth and Eighth Amendment Constitutional Rights, where I was erroneously resentenced in the lower courts and was not given the opportunity of allocution, where I could have offered mitigating circumstances surrounding the charged offence, which could have more than likely led to a lesser sentence. The Michigan Court of Appeals remanded the case back in order that the Judgment of Sentence could be amended, but the lower court refused to acknowledge the remand order by failing to give me the relief that the Court of Appeals intended. Instead, the lower court, without affording allocution, basically restated the illegal sentence under

which I was previously, and am now serving, thereby making the decisions of the Court of Appeals null and void.

II. DISCUSSION

Petitioner fails to allege any facts showing that he is detained in violation of the United States Constitution. Federal courts are required to dismiss any habeas petition that appears legally insufficient on its face. Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases require a district court to summarily dismiss a habeas petition that fails to allege facts that state a constitutional violation. *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005); *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir. 1982).

Petitioner's habeas petition alleges that he was denied the right to allocution on resentencing. A liberal reading of the petition suggests that petitioner might also be asserting claims that he was denied the opportunity to present evidence or testimony in mitigation and that the lower court misinterpreted the resentencing order of the Michigan Court of Appeals. None of these claims states a cognizable claim for federal habeas relief. The petition is therefore legally insufficient on its faced.

There is no constitutional right to allocution under the United States Constitution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (*citing Hill v. United States*, 368 U.S. 424, 428 (1962)). Therefore, a trial court's failure to afford a defendant the right to allocution is not a claim cognizable on habeas review. *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995); *Harrelson v. Trippett*, 67 F.3d 299, 1995 WL 579571, * 9, n. 5 (6th Cir. October 2, 1995). To the extent that petitioner alleges that the trial court denied him the opportunity for allocution at the time of resentencing, this fails to state a claim upon which habeas relief could be granted.

To the extent that petitioner alleges that the trial court failed to permit evidence of mitigating circumstances prior to resentencing, he also fails to state a claim upon which habeas relief can be

3

granted. The United States Supreme Court has refused to extend the doctrine of individualized sentencing to noncapital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995-996 (1991). Because petitioner had no constitutional right to an individualized sentence, the failure of the trial court to permit petitioner to offer mitigating evidence on his behalf at resentencing does not give rise to a cognizable habeas claim. *See Scrivner*, 68 F.3d at 1240.

Finally, to the extent that petitioner claims the Michigan trial court misinterpreted an opinion of the Michigan Court of Appeals, that claim is also not cognizable on habeas review. A federal habeas court does not reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The Michigan Court of Appeals rejected petitioner's claim that the Michigan trial court misinterpreted its remand order by not permitting allocution. *See Faison*, 2011 WL 2859880 at *1 ("we disagree with Faison's argument that he was entitled to allocution"). The Court of Appeals held that, as a matter of Michigan law, the trial court was not required to permit allocution by petitioner, because the Court of Appeals' previous order remanded the case for correction of sentencing, which was not a "resentencing" as a matter of Michigan law. *Id.* This interpretation of Michigan law by the Michigan court is absolutely binding on this Court. *Bradshaw*, 546 U.S. at 76. Petitioner's claim that the Michigan trial court misinterpreted the order of the Michigan Court of Appeals is not cognizable on habeas review. [1]

III. CERTIFICATE OF APPEALABILITY

---

[1] Petitioner's frustration with the failure of the Michigan courts to enter his correct sentence is understandable. It does not, however, form the basis for his habeas claims in this matter, and any claim based on the repeated failure of the Michigan courts to correct his sentence does not appear to have been exhausted in state court.

4

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). To meet this standard, a petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right and that reasonable jurists could not find the Court's assessment of Petitioner's claims debatable or wrong. Therefore, the Court will not grant a certificate of appealability.

IV. ORDER

The Court SUMMARILY DISMISSES the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability is DENIED.

        s/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: February 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Stanley Faison by electronic means or U.S. Mail on February 28, 2013.

s/Carol A. Pinegar
Deputy Clerk

6