UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY FAISON,

        Petitioner,

v.

DEBRA SCUTT,

        Respondent.

_____/

Case No. 13-cv-10019

HONORABLE VICTORIA A. ROBERTS

## OPINION AND ORDER DENYING RECONSIDERATION (Dkt. 6)

Stanley Faison ("petitioner"), is a Michigan prisoner presently confined at the Cotton Correctional Facility in Jackson, Michigan. He filed a *pro se* petition for of a writ of a habeas corpus pursuant to 28 U.S.C. § 2254. The petition asserted that petitioner's state and federal constitutional rights were violated when the state court failed to provide him an opportunity for allocution when he was resentenced. The Court preliminarily reviewed the habeas petition, as required by Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, and found that the petition failed to state a cognizable claim for habeas relief. It therefore summarily dismissed the petition and entered judgment against Petitioner.

Petitioner has now filed a document entitled "Memorandum of Law in Support of Petition for Writ of Habeas Corpus." As the petition has already been dismissed, and the case closed, the Court will construe the memorandum as a motion for reconsideration of the Court's order dismissing the petition. The Local Rules of the Eastern District of Michigan provide that a party may seek reconsideration of an order or judgment where the movant demonstrates a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled and also shows that correcting the defect will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3).

Motions for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h). The order summarily dismissing the case and judgment are dated February 28, 2013. Petitioner's motion for reconsideration was mailed to the Court on April 13, 2013, and is considered filed on that date. *Cf. Houston v. Lack*, 487 U.S. 266 (1988) (*pro se* prisoner's appeal filed when delivered to prison officials for mailing). Petitioner's motion was filed more than 14 days after the order of the Court dismissing his petition and is therefore untimely under the rules.

Even if the reconsideration motion had been filed within the time set forth in the local rules, the Court would still deny reconsideration because petitioner's motion does not identify a palpable defect by which the Court has been misled. The memorandum simply restates and further elaborates on Petitioner's argument that the Michigan court violated his constitutional rights when it denied him allocution on resentencing, which issues the Court has already ruled upon. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The Court dismissed the petition because it did not state a cognizable claim for habeas relief. The Court held that claims that a petitioner was denied allocution on resentencing or was denied the opportunity to offer evidence in mitigation, or that a state court misinterpreted its own order of remand, are not cognizable on habeas review. Petitioner fails to show that the court erred in so holding, still less that the Court was misled by a palpable defect that affected the Court's disposition of the motions.

IT IS ORDERED that plaintiff's motion for reconsideration [Dkt. 6] is DENIED. This case remains closed.

    S/Victoria A. Roberts
VICTORIA A. ROBERTS
United States District Judge

Dated: May 15, 2013

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2013, by electronic and/or ordinary mail.

                                 S/Carol A. Pinegar
                                 Case Manager